O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JIM LAUDIS, | ) | Case No. CV 14-01156 DDP (CWx) |
|---|---|---|
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT** |
| v. | ) | [Dkt. 14 & 16] |
| LOS ANGELES DODGERS, ACE.USA, SEDGWICK CLAIMS MANAGEMENT SERVICES, | ) | |
| Defendants. | ) | |

Before the court are Motions to Dismiss Plaintiff's Complaint filed by Defendants Los Angeles Dodgers (Dkt. No. 14) and ACE American Insurance Company and Sedgwick Claims Management (Dkt. No. 16). The motions are fully briefed and suitable for decision without oral argument. Having considered the parties' submissions, the court adopts the following order.

I.   **Background**

Plaintiff is a former employee of Defendant Dodgers. In a *pro se* form complaint, Plaintiff asserts four claims against

1  Defendants: (1) "Serious Wilful Misconduct"; (2) "Employment
2  Discrimination [and] Wrongful Termination," (3) "Industrial Injury
3  Herniated Disc," and (4) "Punitive Damages." (Complaint at 6-9.)
4  Plaintiff's Request for Relief seeks damages which include
5  "compensation for serious willful misconduct," "compensation to
6  the injury herniate[d] disc," "wilful employment discrimination
7  wrongful termination," "back pay benefits pain suffering of being a
8  homeless [person]," and "punitiv[e] damage." (Id. at 10.) The
9  Complaint does not contain any factual allegations in support of
10 these claims and prayers for relief.

11     According to judicially noticeable documents submitted by
12 Defendant Dodgers, Petitioner filed a petition with the
13 California's Workers' Compensation Appeals Board in relation to
14 injuries sustained while employed by Defendant Dodgers. (Dkt. No.
15 14-1.) On July 2, 2008, following a trial that occurred on May 28,
16 2009, an administrative law judge ("ALJ") issued a Finding and
17 Award, concluding that Plaintiff sustained injury to his lower back
18 on November 23, 2005. (Id. at 1.) The ALJ found that the injury
19 caused 23% permanent partial disability equivalent to 90.5 weeks of
20 indemnity, paying at $220.00 per week, commencing January 23, 2007,
21 for a total of $19,910.00. (Id.)

22     On February 14, 2014, Plaintiff filed the instant Complaint
23 against Defendants. (Dkt. 1.) Defendants Dodgers and ACE American
24 Insurance Company and Sedgwick Claims Management move to dismiss
25 the Complaint for lack of federal jurisdiction under Rule 12(b)(1)
26 and failure to state a claim upon which relief may be granted under
27 Rule 12(b)(6). (Dkt. Nos. 16, 17.)

28

2

**II.   Analysis**

**A.   Lack of Federal Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. <u>Owen Equip.
& Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). Federal
district courts have original jurisdiction over claims that
"aris[e] under the Constitution, laws, or treaties of the United
States," 28 U.S.C. § 1331 ("federal question" jurisdiction), and
claims where there is diversity of citizenship between the parties
and the amount in controversy exceeds $75,000, 28 U.S.C. § 1331
("diversity" jurisdiction). A "federal court is presumed to lack
jurisdiction in a particular case unless the contrary affirmatively
appears." <u>Stock West, Inc. v. Confederated Tribes of the Colville
Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989). When subject
matter jurisdiction is at issue, the plaintiff bears the burden of
establishing the jurisdiction it asks the court to invoke. <u>Tosco
Corp. v. Communities for a Better Env't</u>, 236 F.3d 495, 499 (9th
Cir. 2001) <u>abrogated by</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 130 S.
Ct. 1181, 175 L. Ed. 2d 1029 (2010). If the plaintiff does not
establish the jurisdiction it seeks to invoke, the court must
dismiss the case under Rule 12(b)(1).

In this case, Defendants contend that Plaintiff has failed to
demonstrate that the court has jurisdiction to hear his claim. The
court agrees. Plaintiff indicated in a form cover note to his
Complaint that the basis for jurisdiction is "Federal Question
(U.S. Government Not a Party)." (Complaint. Ex. 1 at 1.) However,
Plaintiff does not identify in his Complaint any basis for federal
question jurisdiction. The Complaint itself states that this court
has jurisdiction over his claim "under workers compensation and all

3

1   matters." (Id. at 1.) However, workers compensation claims are
2   governed by state law, California Labor Code § 3200 *et seq.*, and do
3   not create a federal question. Nor is there any apparent basis for
4   jurisdiction based on diversity of citizenship. Thus, Plaintiff has
5   failed to demonstrate that this court has jurisdiction over this
6   action and the Complaint must therefore be dismissed under Rule
7   12(b)(1).

8   **B.    Failure to State Claim**

9        A complaint will survive a motion to dismiss under Rule
10  12(b)(6) when it contains "sufficient factual matter, accepted as
11  true, to state a claim to relief that is plausible on its face."
12  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.
13  Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a
14  Rule 12(b)(6) motion, a court must "accept as true all allegations
15  of material fact and must construe those facts in the light most
16  favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447
17  (9th Cir. 2000). Although a complaint need not include "detailed
18  factual allegations," it must offer "more than an unadorned, the-
19  defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at
20  678.  Conclusory allegations or allegations that are no more than a
21  statement of a legal conclusion "are not entitled to the assumption
22  of truth." Id. at 679.  Even under the liberal pleading standard of
23  Federal Rule of Civil Procedure 8(a)(2), under which a party is
24  only required to make a "short and plain statement of the claim
25  showing that the pleader is entitled to relief," a "pleading that
26  offers 'labels and conclusions' or a 'formulaic recitation of the
27  elements of a cause of action will not do.'"  Id. 678 (quoting
28  Twombly, 550 U.S. at 555).

1     Even were the court to have subject matter jurisdiction over

2     this action, the court agrees with Defendants that Plaintiffs'

3     Complaint does not meet the requirements of Rule 12(b)(6). As noted

4     above, the Complaint asserts four causes of action: 1) "Serious

5     Wilful  Misconduct"; (2) "Employment Discrimination [and] Wrongful

6     Termination," (3) "Industrial Injury Herniated Disc," and (4)

7     "Punitive Damages." (Complaint at 6-7.) As to the first cause of

8     action, although "wilful misconduct" is a cognizable legal theory

9     under California law, Plaintiff has not indicated the elements of

10    the theory nor alleged any facts in support of the theory. As to

11    the second cause of action, although various state and federal laws

12    provide a cause of action for employment discrimination, Plaintiff

13    has not indicated the legal theory under which he brings his claim,

14    nor alleged any facts to support an employment discrimination

15    claim. Finally, neither the third nor fourth causes of action are

16    cognizable legal theories. Accordingly, Plaintiff's Complaint fails

17    to state any claim upon which relief may be granted.

18

19    **IV. Conclusion**

20     For the reasons stated above, Defendants' Motions to Dismiss

21    Plaintiff's Complaint (Dkt. Nos. 14 and 16) are GRANTED.

22

23    IT IS SO ORDERED.

24

25

26    Dated: August 22, 2014              DEAD D. PREGERSON

27                                        United States District Judge

28

5